UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALEXIS M. CHARLES,
        Plaintiff,

v.

MOUNT PLEASANT POLICE,
WESTCHESTER MEDICAL CENTER,
DOCTOR FATIMA SHEIKH, JOHN
RAIMONDO, CHILD PROTECTIVE
SERVICES, LASHAWN SULLIVAN,
and CARMEN SORIA,
        Defendants.
----------------------------------------------------------------x

**MEMORANDUM DECISION**

7:11-cv-2641 (VB)

Briccetti, J.:

Plaintiff Alexis M. Charles, proceeding pro se, commenced this action alleging defendants violated her rights secured by 42 U.S.C. § 1983 when they removed plaintiff's three children from her. Now pending before the Court are two motions to dismiss. The first was filed by defendant John Raimondo (Doc. #6), and the second was filed by defendants Child Protective Services ("CPS"), Lashawn Sullivan, and Carmen Soria ("CPS defendants") (Doc. #11). For the reasons set forth below, both motions to dismiss are granted, the latter only as to plaintiff's claims against CPS and Westchester County.

## BACKGROUND

For purposes of ruling on the motions to dismiss, the Court accepts all factual allegations of the complaint as true.

Plaintiff is the mother of three children.[1]  Plaintiff alleges defendants conspired to

---

[1] Because it appears the children are still minors, the Court will not recite their names.

1

remove plaintiff's children from her by falsifying records and illegally obtaining funds through fraud and deception. Defendant Dr. Fatima Sheikh is a psychiatrist at Westchester Medical Center in Valhalla, New York. John A. Raimondo is an attorney who represented plaintiff before the Westchester Family Court. Defendants Lashawn Sullivan, Carmen Soria, and Jasmine Melendez[2] work for CPS.

On October 14, 2010, defendants Sullivan and Soria removed plaintiff's children from her custody, while two unnamed Mount Pleasant police officers handcuffed plaintiff and brought her to Westchester Medical Center. There, plaintiff was admitted by defendant Dr. Sheikh to the psychiatric ward against her will and forced to take psychiatric medication. Plaintiff was held until October 19, 2010.

After she was released, plaintiff retained defendant Raimondo to represent her before the Westchester Family Court. When plaintiff did not succeed in Family Court, she hired another attorney. She has not had her children returned to her and is forced to take psychiatric medications.

Plaintiff asserts claims of false arrest, abuse of process, false imprisonment, and intentional infliction of emotional distress. Although not explicit in the complaint, it appears plaintiff also asserts a claim for malpractice against Raimondo. Plaintiff seeks damages and the return of her children.

The Court, by order dated April 27, 2011, dismissed defendants Westchester Family

---

[2]   Melendez was not named as a defendant in the case caption, but was included in a list of defendants in the complaint. The Court nonetheless includes her in its recitation of the allegations because it must construe plaintiff's complaint liberally. The Court, therefore, assumes plaintiff meant to include her as a defendant. However, there are no factual allegations in the complaint concerning Melendez, and the Court dismisses her as a defendant without prejudice.

Court and Judge Janet C. Malone (Doc. #4).

Plaintiff did not file opposition to the pending motions by the respective deadlines. The Court sua sponte granted plaintiff until June 30, 2011 to file her opposition by order dated June 7, 2011 (Doc. #14). In its order, the Court warned plaintiff the Court may grant defendants' motions should she fail to file opposition. To date, plaintiff has failed to do so.[3]

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

### I.    Raimondo's Motion

Raimondo argues he cannot be liable on any of plaintiff's Section 1983 claims because

---

[3] In the meantime, plaintiff submitted two motions to the Court which were rejected because they did not comply with the Court's rules insofar as plaintiff did not sign the submitted motions and did not specify she had served defendants. In the first motion, dated May 23, 2011, plaintiff sought to replace defendant Fatima Sheikh with defendant Dr. Iqbal Q. Sheikh, who plaintiff contends is the proper defendant. Plaintiff also sought to add Melendez as a defendant. In the second motion, plaintiff sought reconsideration of the Court's ruling dismissing defendant Judge Malone.

there are no allegations he was acting under the color of state law.  To establish individual liability under section 1983, a plaintiff must allege (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.  See, e.g., Monroe v. Pape, 365 U.S. 167 (1961); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004).

There are insufficient factual allegations to support a claim that Raimondo was acting under the color of state law.  Therefore, plaintiff's Section 1983 claims against Raimondo are dismissed.

In addition, plaintiff also asserts a claim of intentional infliction of emotional distress against Raimondo.  A claim for intentional infliction of emotional distress under New York law requires plaintiff to plead (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress.  See Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983).  The standard for asserting a claim is "rigorous, and difficult to satisfy."  Howell, 81 N.Y.2d at 121. As the Court of Appeals recognized in Howell, it had rejected every claim for intentional infliction of emotional distress because the conduct was not sufficiently outrageous or extreme.  Those claims upheld by the Appellate Division have been "supported by allegations detailing a longstanding campaign of deliberate, systematic, and malicious harassment of the plaintiff." Seltzer v. Bayer, 272 A.D. 2d 263, 264 (1st Dep't 2000).  The Court may determine in the first

instance whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery. Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999).

Plaintiff's allegations as to Raimondo are limited to claims he did not file any documents against Judge Malone for allegedly denying plaintiff her constitutional rights. Such allegations are insufficient to state a claim for intentional infliction of emotional distress.

Similarly, although plaintiff claims Raimondo committed malpractice, there are insufficient allegations to support such a claim. To state a legal malpractice claim, a plaintiff must allege "the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff." AmBase Corp. v. Davis Polk & Wardwell, 8 N.Y.3d 428, 434 (2007). There are no allegations to support any element of a claim for legal malpractice. Plaintiff's state law claims against Raimondo are hereby dismissed without prejudice to plaintiff should she choose to file an amended complaint making sufficient factual allegations to support either claim.

## II. CPS Defendants' Motion

CPS defendants seek dismissal on the grounds that (1) plaintiff has failed to state a Monell claim against CPS or Westchester County;[4] (2) plaintiff has failed to serve a timely notice of claim; (3) individual defendants are protected by qualified immunity; and (4) individual defendants are protected from civil liability pursuant to New York Soc. Serv. Law § 419.

---

[4] In their motion, CPS defendants substitute Westchester County for CPS without explaining why this is necessary. The Court has found no federal precedent supporting this substitution. Cf. Holley v. County of Orange, 625 F. Supp. 2d 131, 144 (S.D.N.Y. 2009) (dismissing claims against county sheriff's department because it did not have a separate legal identity from the county).

### A.     Monell Claim

CPS defendants first move to dismiss plaintiff's claim against the County based on a failure to sufficiently allege a Monell claim.  A municipality is liable for a deprivation of a citizen's rights pursuant to 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).  A municipality may be held liable for inadequate training, supervision or hiring where the failure to train, hire or supervise amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  Here, there are no allegations to support a Monell claim.  Plaintiff has neither identified nor proffered any evidence of a specific municipal policy or custom that caused her injuries.  Further, plaintiff has not made any allegations of a pattern and practice through a failure to train or supervise its employees.  Any allegations that may be read into the complaint lack the requisite specificity under Fed. R. Civ. P. 8(a).  If plaintiff meant to assert a Monell claim, dismissal without prejudice would be appropriate.  The Court, however, is not convinced plaintiff meant to assert a Monell claim.

Nonetheless, plaintiff cannot assert a Section 1983 claim against a non-individual such as CPS.  See McKinney v. DOT, 2009 U.S. Dist. LEXIS 112083, at *35-36 (D. Conn. Dec. 2, 2009) ("[I]t is well-settled that a state agency is not a 'person' within the meaning of section 1983.").  The claims against CPS are therefore dismissed.

### B.     Dismissal on Basis of Notice of Claim

Section 50-i of the New York General Municipal Law provides:

> No action or special proceeding shall be prosecuted or maintained against a . . . county . . . for personal injury . . . sustained by reason of the negligence or wrongful act of such . . . county . . . or of any officer, agent or employee thereof . . . unless, (a) a notice of claim shall have been made and served upon the . . . county . . . in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.

N.Y. Gen. Mun. Law. § 50-i(1). Section 50-e(1)(a) provides the notice of claim is a "condition precedent to the commencement of an action" against an employee of a public corporation. N.Y. Gen. Mun. Law § 50-e(1)(a). Failure to name such employee in the notice of claim is grounds for dismissal pursuant to Rule 12(b)(6). See, e.g., TC v. Valley Cent. Sch. Dist., 2011 U.S. Dist. LEXIS 41486, at *56 (S.D.N.Y. Mar. 30, 2011). The Court has no authority to permit plaintiff to file a late notice of claim. See Brown v. Metropolitan Transp. Auth., 717 F. Supp. 257, 260 (S.D.N.Y.1989) ("Until the state legislature amends § 50-e(7) to include federal trial courts, we have no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim or to have his notice of claim deemed timely filed.").

There are no allegations in the complaint that plaintiff served a notice of claim against the county. Therefore, plaintiff's state law claim against the County, if any, is dismissed without prejudice.

**C.     Qualified Immunity**

CPS defendants contend that their actions are protected by qualified immunity. Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982).  The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).  A qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

The doctrine of qualified immunity recognizes "reasonable mistakes can be made as to the legal constraints on particular . . . conduct." Saucier v. Katz, 533 U.S. 194, 205 (2001).  Qualified immunity applies if the official's mistake as to what the law requires is reasonable.  Id. It does not apply if, on an objective basis, it is obvious that no reasonably competent official would have taken the actions of the alleged violation.  Malley, 475 U.S. at 341.

Whether qualified immunity protects the individual CPS defendants turns on the nature of their actions and whether it was reasonable to believe their actions did not violate clearly established law.  Because the case is still at the pleadings stage, the Court cannot resolve this issue without the benefit of a fuller record.  For example, on the basis of the complaint, the Court cannot conclude there were emergency circumstances warranting the removal of plaintiff's children.  Qualified immunity is denied without prejudice to being reasserted at a later stage of the proceedings.

        **D.**      **Dismissal Pursuant to New York Social Services Law § 419**

Section 419 of the New York Social Services Law grants immunity to child protective services workers when they act to discharge their duties and within the scope of their employment, provided they do not engaged in willful misconduct or gross negligence.  Nieves v. County of Monroe, 761 F. Supp. 2d 48, 53 (W.D.N.Y. 2011); N.Y. Soc. Serv. Law § 419.  For

the same reasons as expressed in the Court's discussion of qualified immunity, the Court cannot dismiss the individual CPS defendants on the basis of this statute at this stage. There are simply insufficient allegations before the Court based on the current record to conclude that defendants were acting in such a manner as to be protected by Section 419.

To summarize the Court's ruling, the Court dismisses without prejudice plaintiff's claims against Raimondo, CPS, and the County. The Court also dismisses all claims against Melendez without prejudice because there are no factual allegations as to her. The Court takes no action on plaintiff's submitted motions which were rejected for failure to include original signatures, and therefore, the Court takes no position on whether plaintiff can substitute Iqbal Sheikh for defendant Fatima Sheikh and will not, at this stage, reconsider its previous ruling dismissing defendant Judge Malone.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss (Docs. #6, 11) as to plaintiff's claims against defendants Raimondo, Child Protective Services and Westchester County. The Court also dismisses plaintiff's claims against defendant Melendez. The Court's order is without prejudice to repleading in an amended complaint. Should plaintiff wish to file an amended complaint, she shall do so on or before August 26, 2011.

Dated: White Plains, New York
       July 26, 2011

SO ORDERED:

Vincent L. Briccetti
United States District Judge